## APPEAL OF EDMUND J. KARR.

Docket No. 1525.    Submitted May 4, 1925.    Decided September 28, 1925.

> The taxpayer was a stockholder in a corporation which claimed personal service classification for the years 1919 and 1920. This was first denied by the Commissioner and subsequently allowed and the deficiency asserted against the taxpayer on account of his distributive share of the profits and on account of salary accrued to him but not drawn. *Held,* that the corporation was not a personal service corporation and that the taxpayer was not in receipt of income in the years in question in excess of the actual salary withdrawals.

*Robert A. Littleton, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income tax for the years 1919 and 1920 of $1,006.87, and an overassessment for the year 1921 of $79.20, being a net deficiency for the three years of $927.67.

#### FINDINGS OF FACT.

The taxpayer during the years 1919 and 1920 was a stockholder of a corporation known as Karr, Ellis & Co., Inc., doing business at 5 Beekman Street, New York City. For the years in question the said corporation filed returns as, and claimed to be, a personal service corporation, which claim was, up to and including August 30, 1923, denied by the Commissioner.

On January 23, 1924, the Commissioner determined that the corporation Karr, Ellis & Co., Inc., was a personal service corporation and its income taxable in distributive shares to its stockholders.

For the year 1919 the taxpayer received and reported a salary from Karr, Ellis & Co., Inc., in the sum of $5,000, Karr, Ellis & Co., Inc., crediting to the taxpayer a salary of $10,000 and claiming and being allowed the same as a deduction in determining its net income.

In addition, for the year 1919, subsequent to the filing of the returns of the corporation for that year, the Commissioner determined that the taxpayer's distributive share of the profits of the said company, taxable to him, amounted to $6,669.72.

For the year 1920 the taxpayer received and returned as income on account of salary from Karr, Ellis & Co., Inc., $11,000, but the said corporation claimed as a deduction, on account of salary credited to the taxpayer, the sum of $12,000, and the Commissioner further determined that the taxpayer's distributive share of profits of the company for the year 1920 amounted to $2,694.26.

The taxpayer severed his relations with Karr, Ellis & Co., Inc., on the 15th day of October, 1922, and drew no further salary from the said corporation, either on or about that time, nor at any time did he receive the sums claimed by the Commissioner to have been his share of the distributive income of the said corporation, nor any other sums equivalent thereto, nor amounts credited to him as salary on the books of the corporation, but not then actually received by him.

The taxpayer kept his accounts and made his returns upon the basis of cash receipts and disbursements.

The corporation Karr, Ellis & Co., Inc., was organized in 1917 by the taxpayer, one Ellis, and one D'Alton, who were actively engaged in the conduct of its affairs, and Delos Cook and William Boyd. Cook and Boyd furnished all the cash capital—some $25,000—in connection with the financing of the company and were not at any time active in the conduct of its affairs, the stock which they owned in the corporation not even appearing in their own names.

The corporation carried on the business of freight forwarding or freight brokerage in connection with Atlantic shipping. The taxpayer, Ellis and D'Alton were men experienced in this line, the taxpayer during the war having been associated with the British Ministry of Shipping. Cook and Boyd were associated with steamship companies and did not wish their connection with the corporation, Karr, Ellis & Co., Inc., to be known. The business of Karr, Ellis & Co., Inc., consisted in procuring such freights for clients, and in this connection the corporation itself chartered the space, paid the freight charges, and charged its clients upon its own books for the freights so advanced as well as for its own fees in connection therewith. The entire amount of deficiency involved in this appeal arises out of the Commissioner's action in attributing to the taxpayer income (1) on account of salary credited and not drawn, and (2) on account of the distributive shares of the profits of the corporation.

#### DECISION.

The deficiency determined by the Commissioner is disallowed.

#### OPINION.

JAMES: The Commissioner alleges that the taxpayer was in constructive receipt of income on account of salaries credited to him

but not drawn. In this connection we have repeatedly held the contrary view. *Appeals of H. C. Couch*, 1 B. T. A. 103; *A. Bluthenthal*, 1 B. T. A. 173; *A. L. Englander*, 1 B. T. A. 760; *J. M. Edmunds*, 1 B. T. A. 998; *Nicholas J. Maisel, Jr.*, 2 B. T. A. 66; *Thomas Bemis, Sr.*, 2 B. T. A. 255.

It is also clear from the foregoing findings of fact that, notwithstanding the decision of the Commissioner in respect of the corporation, Karr, Ellis & Co., Inc., holding that that corporation was a personal service corporation, that corporation was not a personal service corporation in that it lacked two of the essential elements of such a corporation, viz, (1) that its principal stockholders should be actively engaged in the conduct of its affairs, and (2) that capital should not be a material income-producing factor. It appears here that the only stockholders investing any money in the corporation were not actively engaged in the conduct of its affairs, and from the method of doing business it is very clear that capital was a material income-producing factor in the business. In view of the foregoing the deficiency determined by the Commissioner must be disallowed.

ARUNDELL not participating.